UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA,

Plaintiff,

FRANK CACACE, M.D.,

Defendant.
-------------------------------------------------X

CONSENT JUDGMENT

Civil Action
CV-24-8156
(AYS)

This Consent Judgment is made by and between Plaintiff United States of America ("Plaintiff") and Defendant Frank Cacace, M.D. ("Cacace" or "Defendant"), by and through their respective attorneys.

WHEREAS:

A. This is a civil action seeking penalties and injunctive relief under the Controlled Substances Act, as amended, 21 U.S.C. 801 *et seq*. ("CSA") against Defendant;

B. The Complaint alleges that on or about and between August 2018 through and including July 2021, Cacace wrote thirty-seven (37) purported prescriptions for oxycodone and fentanyl, and forty-one (37) purported prescriptions for diazepam to Patient A.

C. The Complaint also alleges that on or about and between March 2017 and June 2021, Cacace wrote forty-three (43) prescriptions for oxycodone, for Patient B.

D. The Complaint further alleges that none of the purported prescriptions were written by Cacace for a legitimate medical purpose, in the usual course of professional practice, in violation of 21 U.S.C. §§ 829 (a) and 842(a)(1) and 21 C.F.R. § 1306.04 (a);

E. Cacace does not admit to, and denies, committing any of the violations of law

alleged in the complaint of the United States; and

F. The United States and Cacace desire to avoid further litigation;

THEREFORE, the United States and Cacace hereby agree as follows, pursuant to 21 U.S.C.§§ 842(c) and 843(f):

1. Cacace at all times hereafter shall comply with all provisions of the CSA, and the regulations promulgated thereunder.

2. For a period of 24 months commencing on the date of entry of this Consent Judgment, Cacace is hereby enjoined from manufacturing, distributing, dispensing and administering any Schedule II controlled substance, as defined at 21 C.F.R. § 1308.12 by any means, including without limitation the issuance of a prescription for a Schedule II controlled substance.

2. Upon execution by Cacace of this Consent Judgment, Cacace shall pay to the United States the sum of seventy-five thousand dollars ($75,000).

3. The payment specified in paragraph 3 and shall be made by electronic funds transfer in accordance with the other instructions provided by counsel for the United States to counsel for Cacace.

4. The obligations imposed upon Cacace pursuant to this Consent Judgment shall be in addition to, and not in derogation of, all requirements imposed upon him pursuant to all applicable federal, state and local laws, including without limitation the requirements set forth in Title 21 of the United States Code and the regulations promulgated thereunder.

5. United States law enforcement personnel may, without prior notice or judicial or administrative warrant, enter Cacace's medical office at 865 Northern Blvd, Suite 102, Great

Neck, New York 11021 at any time during regular business hours in order to verify compliance by Cacace with the terms of this Consent Judgment, the CSA and the regulations promulgated thereunder.

6. Nothing herein shall preclude the United States from taking any action for violations by Cacace other than the violations of law as alleged in the Complaint. Cacace knowingly and voluntarily waives all constitutional, legal and equitable defenses to the obligations imposed upon him pursuant to this Consent Judgment, including without limitation a defense of excessive fine or penalty. Nothing herein shall be construed as an admission or finding of wrongdoing on the part of Cacace. The relief set forth herein shall be in full satisfaction of the claims of the United States against Cacace for civil penalties and injunctive relief pursuant to 21 U.S.C. §§ 842 and 843 for the violations of law as alleged in the Complaint.

8. Notwithstanding any term of this Consent Judgment, specifically reserved and excluded from the scope of the terms of this Consent Judgment are the following claims of the United States:

a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b. Any criminal liability;

c. Except as explicitly stated in this Consent Judgment, any administrative liability; and

d. Any liability based upon obligations created by this Consent Judgment.

9. Cacace fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) which Cacace could have asserted, or may assert in the future

against the United States, its agencies, employees, servants, and agents, related to the allegations in the Complaint, or arising from the United States' investigation and resolution of claims alleged in the Complaint.

10. Cacace waives and shall not assert any defenses Cacace may have to any criminal prosecution or administrative action relating to the allegation in the complaint that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Consent Judgment bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Consent Judgment constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

11. Cacace agrees to the following:

a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Cacace in connection with:

(1) the matters covered by this Consent Judgment;

(2) the United States' audit(s) and investigation(s) of the matters covered by this Consent Judgment;

(3) Cacace's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and investigation(s) in connection with the matters covered by this Consent Judgment (including attorney's fees);

(4) the negotiation and performance of this Consent Judgment; and

(5) the payment Cacace makes to the United States pursuant to this Consent Judgment, are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs).

b. Future Treatment of Unallowable Costs: Unallowable Costs shall be separately determined and accounted for by Cacace, and Cacace shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Cacace or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

c. Treatment of Unallowable Costs Previously Submitted for Payment: Cacace further agrees that within 90 days of the Effective Date of this Agreement it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Cacace and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the unallowable costs. Cacace agrees that the United States, at a minimum, shall be entitled to recoup from Cacace any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on

previously-submitted cost reports, information reports, cost statements, or requests for payment

12. The Court shall retain jurisdiction to enforce the provisions of this Consent Judgment.

Dated: Central Islip, New York
November 20, 2024

BREON PEACE
United States Attorney
Eastern District of New York
*Attorney for Plaintiff*
610 Federal Plaza, 5th Floor
Central Islip, New York 11722

By: /s/Diane C. Leonardo
DIANE C. LEONARDO
Assistant United States Attorney
(631) 715-7854

Dated: Uniondale, New York
October _28__, 2024

Rivkin Radler
*Attorneys for Defendant*
926 RXR Plaza
Uniondale, New York, 11556

By: ________________________
GEOFFREY KAISER
Geoffrey.Kaiser@rivkin.com

STATE OF New York
COUNTY OF Nassau ss.

On this 28th day of October 2024, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared Frank Cacace, known to me, or proved to me on the basis of satisfactory evidence, to be the person whose name is subscribed to this instrument, and acknowledge that he executed the same.

Frank Cacace, M.D.

WITNESS my hand and official seal.

Notary Public

ILDA P FLANAGAN
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Queens County
01FL6250703
MY COMMISSION EXPIRES 10/31/2027



SO ORDERED:

______________________
HONORABLE
United States District Judge